IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TORUS VENTURES LLC,<br><br>         Plaintiff,<br><br>    v.<br><br>SUPER MICRO COMPUTER, INC.,<br><br>         Defendant. | Civil Action No.  21-1711-MN<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant Super Micro Computer, Inc. ("Super Micro"), by and through its undersigned counsel, hereby answers Torus Ventures LLC's ("Torus") Complaint for Patent Infringement ("Complaint") (D.I. 1).  Except as expressly admitted herein, Super Micro denies all allegations of the Complaint.

## COMPLAINT FOR PATENT INFRINGEMENT

1. No response required as no allegation is made.

## PARTIES

2. Super Micro lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 2 of the Complaint and on that basis, therefore denies them.

3. Denied.

## JURISDICTION

4. Super Micro admits that the Complaint purports to bring an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5. Admitted.

6. Super Micro admits, that for purposes of this case, this Court has personal jurisdiction over Super Micro; otherwise denied with respect to the remaining allegations of paragraph 6.

## VENUE

7. Denied.

## PATENTS-IN-SUIT

8. Super Micro lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 8 of the Complaint and on that basis, therefore denies them.

## THE '844 PATENT

9. Super Micro lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 9 of the Complaint and on that basis, therefore denies them.

## COUNT 1: INFRINGEMENT OF THE '844 PATENT

10. Super Micro incorporates by reference its above responses to paragraphs 1 through 9 as if fully set forth here in their entireties.

11. Denied.

12. Denied

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

## JURY DEMAND

No response is required to the demand for a trial by jury.

**PRAYER FOR RELIEF**

Super Micro denies all allegations in Plaintiff's prayer for relief and denies that Plaintiff is entitled to any relief.

**AFFIRMATIVE DEFENSES**

A.     Super Micro incorporates by reference the foregoing paragraphs in their entirety and asserts the following affirmative and other defenses.  By asserting these defenses, Super Micro does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear.  Super Micro reserves all other defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case.

**FIRST AFFIRMATIVE DEFENSE**
**(Noninfringement)**

B.     Super Micro does not infringe and has not infringed, literally or under the doctrine of equivalents, any valid and enforceable claim of the '844 patent.

**SECOND AFFIRMATIVE DEFENSE**
**(Invalidity)**

C.     Each of the asserted claims of the '844 patent are invalid for failing to comply with one or more requirements of the Patent Laws of the United States, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

**THIRD AFFIRMATIVE DEFENSE**
**(Ineligible Subject Matter)**

D.     Each of the asserted claims of the '844 patents fails to comply with 35 U.S.C. § 101 because each asserted claim is directed to patent-ineligible subject matter such as abstract ideas without any inventive concept to transform the abstract ideas into patent eligible subject matter.

**FOURTH AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel)**

E.     By reason of the prior art and/or statements and representations made to and by the U.S. Patent and Trademark Office during prosecution of the applications that led to the issuance of the '844 patent, the '844 patent is so limited that none of the claims could be properly construed to cover any activity of Super Micro.

**FIFTH AFFIRMATIVE DEFENSE**
**(Limitation on Damages)**

F.     Torus's claim for damages is limited by 35 U.S.C. §§ 286 and 287.

**SIXTH AFFIRMATIVE DEFENSE**
**(Estoppel & Waiver)**

G.     Torus's claims are barred, in whole or in part, by the equitable doctrines of estoppel and waiver.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Implied License & Patent Exhaustion)**

H.     Torus's claims are barred, in whole or in part, by the doctrines of implied license and patent exhaustion.

**RESERVATION OF RIGHTS**

Super Micro reserves the right to amend should it learn of additional information or defenses.

## COUNTERCLAIMS

1. This is an action for declaratory judgment of non-infringement and invalidity of the '844 patent.

## PARTIES

2. Defendant and Counterclaim Plaintiff Super Micro Computer, Inc. is a Delaware corporation having a principal place of business at 980 Rock Ave San Jose, CA, 95131.

3. Plaintiff and Counterclaim Defendant Torus Ventures LLC is a Delaware corporation having a principal place of business at 261 West 35th Street, Suite 1003, New York, NY 10001.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. There is a justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between Torus Ventures and Super Micro regarding whether Super Micro and its products infringe the '844 patent, as alleged in the Complaint and Super Micro's Affirmative Defenses.

5. Jurisdiction over Super Micro's Counterclaims also arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., and pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over Torus Ventures at least because Torus Ventures has submitted to the jurisdiction of this Court by filling this action, among other reasons. The Complaint accuses Super Micro of infringing the '844 patent under 35 U.S.C. § 271 for the alleged manufacture, use, offer for sale, sale in the United States and importation into the United States of certain Super Micro products as identified in the Complaint.

7. Venue for these Counterclaims is proper in this Court under 28 U.S.C. § 1391(b) because Torus Ventures commenced this action in this District.

### COUNTERCLAIM COUNT ONE
### (Declaratory Judgment of Non-Infringement)

8. Super Micro incorporates by reference the preceding Counterclaim paragraphs as though fully set forth herein.

9. Super Micro counterclaims against Torus Ventures pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

10. Torus Ventures has asserted that Torus Ventures is the owner of the '844 patent.

11. Torus Ventures has alleged that Super Micro has infringed and is currently infringing the '844 patent.

12. Super Micro does not infringe and has not infringed, literally or under the doctrine of equivalents, and does not induce and has not induced, infringement of, any valid and enforceable claim of the '844 patent.

13. An actual and justiciable controversy exists between Super Micro and Torus Ventures by virtue of the allegations made in the Complaint and Super Micro's Answer as to whether Super Micro has infringed and/or infringes the '844 patent.

14. A judicial declaration is necessary for Super Micro to ascertain its rights with respect to the '844 patent.

### COUNTERCLAIM COUNT TWO
### (Declaratory Judgment of Invalidity)

15. Super Micro incorporates by reference the preceding Counterclaim paragraphs as though fully set forth herein.

16. Torus Ventures has asserted that the '844 patent is valid and enforceable.

17. The '844 patent is invalid for failure to comply with one or more requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

18. An actual controversy exists between Super Micro and Torus Ventures as to whether the '844 patent is invalid.

19. A judicial declaration is necessary for Super Micro to ascertain its rights with respect to the '844 patent.

## PRAYER FOR RELIEF

Wherefore, Super Micro prays for relief as follows:

A. Dismissing with prejudice any and all claims of the Complaint and ordering that Torus Ventures takes nothing as a result of its Complaint;

B. Adjudging that Super Micro has not infringed and does not infringe any valid and enforceable claim of the '844 patent;

C. Adjudging the '844 patent is invalid;

D. Adjudging that Torus Ventures be denied any remedies available under 35 U.S.C. § 284;

E. Finding that this is an exceptional case and awarding Super Micro its attorneys' fees incurred in this action as the prevailing party;

F. Adjudging that Super Micro be awarded its costs of suit; and

G. Granting Super Micro such further relief as this Court may deem just and proper or that Super Micro may be entitled to as a matter of law and equity.

## DEMAND FOR JURY

Super Micro hereby demands a trial by jury on all issues so triable.

|  | ASHBY & GEDDES |
|---|---|
| *Of Counsel:* | */s/ John G. Day* |
| PERKINS COIE LLP | John G. Day (#2403) |
| John P. Schnurer | Andrew C. Mayo (#5207) |
| Kyle R. Canavera | 500 Delaware Avenue, 8th Floor |
| 11452 El Camino Real, Suite 300 | P.O. Box 1150 |
| San Diego, CA 92130-2594 | Wilmington, DE 19899 |
| (858) 720-5700 | (302) 654-188 |
| jschnurer@perkinscoie.com | jday@ashbygeddes.com |
| kCanavera@perkinscoie.com | amayo@ashbygeddes.com |
| Dated: March 29, 2022 | *Attorneys for Defendant* |